Filed 11/26/13  P. v. Vigil CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE PAUL VIGIL,<br><br>    Defendant and Appellant. | H039346<br>(Santa Clara County<br>Super. Ct. No. 187133) |

In 1998, defendant Willie Paul Vigil was convicted of a violation of Penal Code section 290,[1] the mandatory registration law for sex offenders.  Because of his prior "strike" convictions for violations of section 288, subdivision (a), and section 261, subdivision (a)(2), defendant received a 25 years to life sentence under the former Three Strikes Law.  On December 26, 2012, defendant, acting in propria persona, filed a "Petition for a Recall of Sentence" (Petition), alleging that he was eligible for resentencing pursuant to the Three Strikes Law Reform Act (the Act).  On January 3, 2013, the trial court denied the request for resentencing under section 1170.126.  The court's order, while acknowledging that defendant's "current" conviction for a violation of section 290 is a nonserious and nonviolent felony as defined by the Act, denied the Petition based on the fact that defendant's prior "strike" convictions for violations of section 288, subdivision (a), and section 261, subdivision (a)(2) expressly disqualified him from resentencing under the Act.  (§§ 1170.126, subd. (e)(3), 667, subd.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

(e)(2)(C)(iv)(I) & (III), & Welf. & Inst. Code, § 6600, subd. (b).)  On February 19, 2013, the court denied defendant's request for reconsideration.  Defendant filed two notices of appeal from the order denying his Petition.  Both were timely.

On appeal, we appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  The opening brief states the case and the facts but raises no specific issues.  *Wende* review is only available in a first appeal of right.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*).)  Because defendant's appeal is from an order after judgment, and not a first appeal of right, he is not entitled to *Wende* review.  (*Ibid.*)  Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano*, on April 24, 2013, we notified defendant of his right to submit written argument in his own behalf within 30 days.  Having received nothing from defendant, on June 6, 2013, this court dismissed the appeal as abandoned.  On June 12 defendant moved to set aside the dismissal and for permission to submit a supplemental brief.  This court granted the motion on July 2, 2013, allowing defendant 30 days to file a brief on his own behalf.  We received a supplemental brief from defendant on August 8, 2013 and directed the clerk of this court to file it although it was untimely.  In his supplemental brief, defendant reargues the merits of the Petition and challenges the validity of his original sentence pursuant to the old three strikes law on a number of grounds.  Nothing in defendant's letter suggests that there is an arguable issue on appeal from the order denying his petition for modification of the sentence.  Therefore, we decline to retain the appeal.

The defendant having failed to raise any arguable issue, we dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____
                    Premo, J.

WE CONCUR:


_____
      Rushing, P.J.




_____
      Elia, J.